ELLA A. SABIN, Appellant, v. ANDREW S. PHINNEY,
Impleaded, etc., Respondent.

A certificate of membership was issued to one S. by a subordinate lodge
of the Order of United Workmen, incorporated under the act of 1877
(§ 4, chap. 74, Laws of 1877), which provides for a beneficiary fund to
be paid to the heirs or representatives of deceased members, "or to
such person or persons as such deceased member may, while living,
have directed," and that "the person or persons to whom and the man-
ner and time in which the same shall be paid on the death of a member
shall be regulated and controlled by the rules and by-laws of the cor-
poration." The by-laws provided (§ 17) that any member desiring to
make a new direction as to the payment of a beneficiary certificate
held by him may do so by authorizing such change in writing on the
back of his certificate, and that "no change shall be valid and binding
until reported to the grand recorder and a new certificate issued." The
sum specified in the certificate was made payable on the death of S. to
plaintiff, his wife, and was delivered to her; she also became a member
of an endowment company, the certificate being made payable to S. on
her death; subsequently S. and his wife separated. She took possession
of the certificate issued to her without his consent, and he, without
her consent, took the certificate issued to him, and pursuant to an agree-
ment with one P., who was in no way related to him, a new certificate
was issued, payable to P. upon the death of S.; all of the steps
required by the by-laws of the society having been complied with.
The wife paid no part of the expenses incident to such membership of
her husband or of herself. Upon the death of S., his wife brought
this action, claiming that her interest in the certificate was vested and
she was entitled to recover the amount due upon it. *Held*, untenable;
and that as the by-laws of the corporation imposed no limit as to the
persons to whom certificates should be payable, S. had a right to direct
the amount of his certificate to be paid to a stranger having no insurable
interest in his life, and his appointee could be changed at any time he
might elect upon conforming with the requirements of the by-laws of
the society.

(Argued June 9, 1892; decided October 1, 1892.)

APPEAL from judgment of the General Term of the Supreme
Court of the fifth judicial department, entered upon an order
made October 1, 1889, which affirmed a judgment in favor of
defendant, entered upon the report of a referee.

This was an action upon a certificate of membership issued
to John C. Sabin by the Grand Lodge of the Ancient Order
of United Workmen of the State of New York, which was

incorporated March 29, 1877, by chapter 74 of the laws of that year. This statute authorized the corporation to create subordinate lodges and accumulate funds for the benefit of members. The fourth section of the act provides:

"§ 4. Such beneficiary fund as may be ordained suitable by said corporation may be set apart and provided to be paid over to the families, heirs or representatives of deceased or disabled members, or to such person or persons as such deceased member may, while living, have directed; and the collecting, management and disbursement of the same, *as well as the person or persons to whom,* and the manner and time in which the same shall be paid, on the death of a member, shall be regulated and controlled by the rules and by-laws of the corporation  *  *  *  ."

Among the by-laws of the corporation was the following:

"§ 17. Any member holding a beneficiary certificate desiring at any time to make a new direction as to its payment, may do so by authorizing such change in writing on the back of his certificate in the form prescribed, attested by the recorder, with the seal of the lodge attached, and by the payment to the Grand Lodge of the sum of fifty cents; but no change or direction shall be valid or have any binding force or effect until it shall have been reported to the grand recorder, the old certificate, if practicable, filed with him and a new beneficiary certificate issued thereon, and said new beneficiary certificate shall be numbered the same as the old certificate."

Prior to March 22, 1879, a subordinate lodge was organized at Hornellsville, N. Y., and designated as George Washington Lodge No. 132, of which John C. Sabin became a member, and on the 24th of March, 1879, received a certificate of which the following is a copy:

"No. 9513.                                              $2,000.

" *The Grand Lodge of the Ancient Order of United Workmen of the State of New York:*

" This certificate, issued by the authority of the Grand Lodge of the Ancient Order of United Workmen of the State of New York, witnesseth: That John C. Sabin, a master

workman degree member of George Washington Lodge No. 132, of said order, located at Hornellsville, in the State of New York, is entitled to all the rights and privileges of member- ship in the Ancient Order of United Workmen, and to parti- cipate in the beneficiary fund of the order to the amount of $2,000 which sum shall, at his death, be paid to Ella A. Sabin.

"This certificate is issued upon the express condition that said John C. Sabin shall, in every particular, while a member of said order, comply with all the laws and rules and require- ments thereof.

"In witness whereof, the Grand Lodge of the Ancient Order of United Workmen of the State of New York, has caused this to be signed by its Grand Master Workman and Grand Recorder, and the seal thereof to be attached this 22nd day of March, one thousand eight hundred and seventy-nine.

"J. G. ARMSTRONG, *Grand Recorder.*

"[SEAL OF GRAND LODGE.]

"Attest.    E. M. CLARK, *Grand Master Workman.*"

"We the undersigned Master Workman and Recorder of George Washington Lodge No. 132, do hereby countersign this certificate and attach the seal of this lodge hereto, render- ing the same valid and in full force, this 24th day of March, 1879.                            C. D. CRANDALL, *Recorder.*

"[SEAL OF GEORGE WASHINGTON LODGE.]

"Attest.    D. F. CRIDLER, *Master Workman.*"

Ella A. Sabin mentioned in the certificate was the wife of John C. Sabin.    August 8, 1882, Ella A. Sabin became a mem- ber of the Bath Mutual Endowment Co., and procured a cer- tificate therefrom, payable to John C. Sabin in case of her death.    The first-mentioned certificate was delivered by the husband to the wife, and the second certificate by the wife to the husband, each intending by the certificates so issued and delivered to provide for the survivor.    In May, 1883, the hus- band and wife separated by mutual consent and thereafter never lived together.    The husband paid the dues on both memberships or certificates until he and his wife separated.

About the time of their separation the wife took possession of the certificate upon her life, and the husband of the certificate upon his life. The husband took the certificate issued upon his life without the consent of the wife, and she the certificate issued on her life without his consent. Afterwards John C. Sabin resolved not to keep said certificate in force for the benefit of his wife, and so informed the respondent, but at the same time expressed the desire to remain a member of the lodge. It was then agreed between Sabin and Phinney, who were in nowise related, that Phinney should pay all subsequent dues and that a new certificate should be issued payable to him on the death of Sabin. To accomplish this Sabin executed the following indorsement upon the certificate, and delivered it to Phinney:

" I, John C. Sabin, to whom the within certificate was issued do hereby revoke my former direction of to the payment of the beneficiary fund due at my death, and now authorize and direct said payment to be made to A. S. Phinney, or his heirs, bearing — relationship to myself of

"Witness my hand and seal this 10th day of July, 1883.
" [SEAL.]          JOHN C. SABIN."

And the same was attested as follows:
"Attest.    GEORGE C. PLATT, *Recorder.*
" [SEAL GEORGE WASHINGTON LODGE.] "

The original certificate with the aforesaid indorsement was by Phinney delivered to the officers of the Grand Lodge who canceled it, and July 20, 1883, issued a new one precisely like the one set forth, except it was payable to Andrew S. Phinney, instead of Ella A. Sabin. After receiving this certificate Phinney paid all dues on it. At some time in 1883, Ella A. Sabin surrendered the certificate which was issued upon her life payable to her husband, and received a new one payable to her legal representatives. John C. Sabin was employed on a railroad train, and in September, 1883, he was injured by an accident, and on the thirteenth of October following he died intestate. The appellant and respondent each claims to be entitled to the fund payable by the terms of the certificate.

The Grand Lodge does not contest its liability and has paid the amount into court.

*DeMerville Page* for appellant.

*George N. Orcutt* for respondent.

Follett, Ch. J.   The appellant insists that the cancellation of the first certificate which was payable to her, and the substitution of the second, which was payable to the respondent, were void for two reasons :

1. That the respondent had no insurable interest in the life of John C. Sabin.

2. That she, the wife, acquired by virtue of the first certificate and its delivery to her a vested right to the sum payable on her husband's death of which she could not be deprived without her consent.

The statute under which the corporation was organized expressly provides that the funds " may be set apart and provided to be paid over to the families, heirs or representatives of deceased or disabled members, *or to such person or persons as such deceased member may, while living, have directed.*"

The by-laws of a corporation impose no limitation on the persons to whom certificates should be payable.   It was held in *Massey* v. *Mutual Relief Society of Rochester* (102 N. Y. 523) that there being no restriction in the act under which the society was incorporated against making a certificate payable to a person in nowise related to the member, that a certificate issued to a stranger was not void as a wager policy.   In that case the certificate was issued in favor of a person not related to the member, and who was not a member of the society, but in the case at bar, the certificate was issued in favor of a member of the order.   Under the statute and by-laws a member of this corporation can legally direct the sum to become due at his death to be paid to a stranger having no insurable interest in his life.   (Niblack on M. B. Societies, § 178.)

Did the plaintiff by the certificate and its delivery to her acquire a vested interest in the sum payable thereunder. of which she could not be deprived without her consent ?

It is to be observed that the wife never paid any part of the

expenses incident to the membership of her husband in this society, nor of her membership in the society to which she belonged, and no pecuniary consideration can be raised in her favor. The statute under which the corporation was organized, its by-laws, together with the application for, and the certificate of membership constituted the contract which existed between the member and the society, which instruments construed together measure the rights of these litigants. (*Hellenberg* v. *Dist. No.* 1, 94 N. Y. 580; *Sanger* v. *Rothschild.* 123 id. 577; Niblack on M. B. Societies, § 166.)

The relation which existed between Sabin and the society subjected him to certain burdens and entitled him to certain benefits during the continuance of his membership, and if he died while in good standing in the order his appointee became entitled to a certain sum. This relation could be terminated at any time at the will of the member, and the appointee was changeable from time to time as he might elect. If we choose to term this relation a contract and it was established by agreement, the contract gave the right of change of the beneficiary with or without reason. Any person who became an appointee in such a certificate took the position subject to the absolute right of the member to substitute a new one at any moment. The rights acquired by the member by virtue of this relation did not amount to a chose in action. He had no interest in the society that was assignable or transferable until some right of action had accrued. The appointee had no vested interest in the sum which might in a contingency become payable on death of the member. (*Hellenberg* v. *Dist. No.* 1, *supra;* *Sanger* v. *Rothschild, supra;* *Brown* v. *Catholic Mutual Benefit Assn.*, 33 Hun, 263: *Boasberg* v. *Cronan*, 30 N. Y. S. R. 483.)

It being settled that an appointee under such a contract has no vested interest in the sum, the position taken by the plaintiff in this case becomes utterly untenable.

The judgment should be affirmed, with costs.

All concur, except BRADLEY, J., not sitting, and HAIGHT, J., not voting.

Judgment affirmed.