Hannah M. Lawler, as Administratrix, etc., of John Lawler, Deceased, Respondent, v. The National Life Association of Hartford, Conn., Appellant.

*Contract of co-operative life insurance — interest of the beneficiary therein — transfer thereof — parties to an action — presumption that a witness knows the purpose of the action.*

While the manner of making a transfer of the interest of the beneficiary, named in a life insurance policy issued by a co-operative or assessment company, may not have been strictly within the requirements of the contract between the insurer and the assured, it is within the power of the insurer to waive a strict observance thereof.

Where it is within the power of an assured to revoke the designation of the beneficiary named in a life insurance policy, and to substitute another person, the beneficiary has no vested interest in the policy or the fund represented thereby during the life of the assured; he has, however, an interest therein which is inchoate or inceptive in character, to become vested in the event that his designation as beneficiary shall not have been revoked by the assured during his life, and if the effect of a contract of life insurance is that the insurer shall pay to the beneficiary a stipulated sum upon the death of the assured, unless he in the meantime should terminate the relation of the beneficiary, by the appointment of another, the interest of the beneficiary is that of a possibility coupled with an interest, and the beneficiary has such potential interest as will enable him by assignment to transfer the same and will enable his assignee to take the interest of the beneficiary subject to the condition applicable to her relation as such beneficiary.

In case the assured joins in such assignment so as to waive all claim which he has in the policy and empowers the assignee to collect the money which may become due upon the same by reason of his death, a transfer is made by the assignment and delivery of the policy to the assignee of the right to the fund, with such power as the assured and the designated beneficiary could confer upon him to collect the same when payable.

Where an assured has no interest in a policy of life insurance except that existing in his power of appointment, he may treat the expectant fund as subject to the control of the beneficiary, and join with the latter in making a transfer of it, or he may confirm an assignment to an assignee, made by the beneficiary, and then, as between them, such assignee, when the liability of the insurer arises, is entitled to payment. In such case the only question of any essential importance to the insurer is as to who is entitled to the money.

It is a rule in equity that all persons, whose presence is necessary to the determination of the interests involved in a controversy, must be made parties to the proceeding, and if they are not made parties the plaintiff may be required to bring all of them in, but in an action at law a defect of parties is available as a defense.

Where a person was a witness for the plaintiff upon the trial of an action and testified in court in support thereof, it may be assumed that she was advised of the nature and the purpose of the same.

APPEAL by the defendant, The National Life Association of Hartford, Conn., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Cayuga on the 9th day of July, 1894, upon the verdict of a jury rendered by direction of the court after a trial at the Cayuga Circuit, and also from an order entered in said clerk's office on the 7th day of June, 1894, denying the defendant's motion to set aside the verdict.

*W. A. Sutherland,* for the appellant.

*P. McLaughlin,* for the respondent.

BRADLEY, J. :

The recovery was had on a policy issued by the defendant upon the life of Edward J. Reilly, and in which Lillie G. Reilly, his sister, was the designated beneficiary. Afterwards, on March 23, 1892, she made a written assignment of all her " right, title and interest in said Policy due or to become due, to John Lawler," and authorized him " to collect the same in case of the death of the insured." At the same time Edward J. Reilly, by written instrument by him subscribed to that effect for value received, waived all claim, right or title in and to the policy, and authorized and empowered John Lawler to collect the same in case of his death. He died in May, 1892. In July following Lawler died, and letters of administration were issued to the plaintiff. The liability of the defendant at the time the action was commenced to pay the amount due by its terms upon the policy is not questioned. But it is insisted :.

(1) That the plaintiff had no right of action.

(2) That there is a defect of parties plaintiff.

The first proposition is founded upon the objection that the plaintiff's intestate, by the transfer before mentioned, took to the policy or to the defendant no relation which enabled him to maintain the action. The defendant is a co-operative or assessment company, and the policy provides for payment to Lillie G. Reilly, or to such other persons as the insured might appoint, in writing, on notice thereof to the defendant. This is in accordance with the statute

which provides that such insurance "shall give to any member thereof the right at any time, with the consent of such corporation, * * * to make a change in his payee or payees, beneficiary or beneficiaries, without requiring the consent of such payee or beneficiaries" (Laws 1883, chap. 175, § 18); and one of the conditions annexed to the policy is that it "shall not be assigned or transferred, unless notice and copy of the assignment be given to the Association." The defendant was furnished with a copy of the assignment made by the beneficiary, and not with a copy of such instrument made by the insured, but the defendant had notice of the latter and raised no question or objection during the life of the insured about the omission to furnish a copy of it. And while the manner of making the transfer may not have been strictly within the requirement of the contract it was in the power of the defendant to waive such strict observance, and it may be treated as having done so in so far as the transfer could be made by the two instruments before mentioned. It is, however, urged on the part of the defendant that they, by their terms, were ineffectual to make the liability of the defendant to pay available to the plaintiff, for the reason that the beneficiary could not, and the insured did not, make any assignment to him. It is true that it was in the power of the insured to revoke the relation given to the beneficiary as such and substitute another, and, therefore, there was no vested interest in her during his life. (*Smith* v. *N. B. Society,* 123 N. Y. 85; *Sabin* v. *Phinney,* 134 id. 423.)

The beneficiary, nevertheless, had an interest in a sense inchoate or inceptive in character to become vested in the event that it should not be revoked by the insured during his life. It was something more than a mere possibility. She had the relation of beneficiary. Nothing was to be done requisite to the perfection of her right to the fund on his death, except payment of the dues and assessments; but some action on the part of the insured was required to defeat it. The effect of the contract was that the defendant should then pay to her the stipulated sum, unless he, the assured, in the meantime should terminate her relation as beneficiary by the appointment of another. It would, therefore, seem that hers was a possibility coupled with an interest, and that her interest had such potential existence as to enable her by assignment to transfer, and

FIFTH DEPARTMENT, DECEMBER TERM, 1894.        [Vol. 83.

the assignee to take it subject to the condition applicable to her relation as such beneficiary. This would clearly be so in equity. (*Field* v. *Mayor, etc.*, 6 N. Y. 187; *Jones* v. *Mayor, etc.*, 90 id. 387; *Reynolds* v. *Ellis*, 103 id. 115.) There is no apparent reason why, upon such facts, it is not so at law. (*Van Hoozer* v. *Cory*, 34 Barb. 9; *Conderman* v. *Smith*, 41 id. 404; *Smith* v. *Taber*, 46 Hun, 313.) But in the present case the insured also joined in the assignment so far that he waived all claim which he had in the policy, and empowered Lawler to collect the money which might become due upon it by his death, and the policy was delivered to him. By this method, adopted by the insured and the beneficiary, transfer was made to Lawler of the right to the fund secured by the policy with such power as they could confer upon him to collect it when payable.

Whether, in view of the manner prescribed by the policy for doing it, this may be treated as the appointment of him as the beneficiary, it is unnecessary to inquire. As appears by the condition before mentioned it was within the contemplation of the contract that an assignment of the policy could be made. And there seems to be nothing in the contract, in its nature or in the statute, which denies or defeats such right; and as the insured has no interest in the policy, except that existing in his power of appointment, he may treat the expectant fund as subject to the control of the beneficiary and join with the latter in making a transfer of it, or what may be substantially the same thing, confirm an assignment to the assignee made by the beneficiary. And then, as between them, such assignee, when the liability of the company arises to pay, is entitled to payment. In such case the only question of any essential importance to the company is as to who is entitled to the money. That was the only question in *Ireland* v. *Ireland* (42 Hun, 212) and *Sabin* v. *Phinney* (134 N. Y. 423), cited by the defendant's counsel. In the former case no transfer was made to the defendant, nor any appointment of her as beneficiary accomplished, although the insured had expressed his desire and purpose to have her put in such relation to the policy, and in the latter case the defendant had been appointed as and was the beneficiary. But it is urged that Elizabeth G. Plunkett, *née* Reilly, was a necessary party to the action because the transfer to Lawler was made as collateral security of a

loan by him to the insured, and the amount loaned was less than that which defendant was liable to pay. It is a rule in equity that all persons whose presence is necessary to the determination of the interests involved in the controversy must be made parties, and the plaintiff may be required to bring all of them in. But in an action at law the defect of parties is available as a defense. (*Chapman* v. *Forbes*, 123 N. Y. 532.)

If this were an action in equity it might be assumed that the plaintiff would be required to bring in Mrs. Plunkett, the beneficiary named in the policy. (*Kittle* v. *Van Dyck*, 1 Sandf. Ch. 76; *Sherman* v. *Parish*, 53 N. Y. 483.) But the view taken is that while she may have had the right of redemption, the plaintiff's intestate took such legal title by the assignment as to enable him to maintain the action at law. (*Ennis* v. *Harmony F. Ins. Co.*, 3 Bosw. 516; *Roussel* v. *St. Nicholas Ins. Co.*, 9 J. & S. 279; *Pitney* v. *Glens Falls Ins. Co.*, 65 N. Y. 6.)

At all events the plaintiff as such is a proper party, and the defendant cannot be prejudiced by the absence of Mrs. Plunkett as a party. It is evident that she is content with the prosecution of the action by the plaintiff to judgment. She was a witness for the plaintiff on the trial and testified in support of the action, and it may be assumed that she was advised of its nature and purpose. If she had deemed it desirable she might have been allowed to become a party. (*Rosenberg* v. *Salomon*, 144 N. Y. 92.) By the contract of insurance it is expressly provided that no action shall be maintained for any claim upon or by virtue of the policy after the lapse of one year from the death of the member. (*Wilkinson* v. *First Nat. F. Ins. Co.*, 72 N. Y. 499.) If Mrs. Plunkett is entitled to any portion of the proceeds of the policy the plaintiff, in the event of its collection by her, may, as between them, be treated as trustee to that extent and required to account to her.

The trial court was not required by the facts to determine that the defendant was entitled to the benefit of forfeiture of all claim founded upon the policy.

The judgment and order should be affirmed.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Judgment and order appealed from affirmed.