Habeas corpus by the people, on the relation of Maurice J. Sullivan, against John G. Wendel and another, for the discharge from custody of Georgiana G. R. Wendel, an alleged incompetent. Application granted.

William L. Snyder, for relator.

Bartow S. Weeks, for respondent.

MAREAN, J. The alleged incompetent was adjudged insane and committed by a justice of the supreme court, pursuant to sections 61 and 62 of the insanity law (Laws 1896, c. 545). The adjudication was final, and the commitment perpetual, subject only to be terminated by affirmative proceedings on her part, to be taken while in confinement, in which she would be required to give security for costs. There was nothing provisional or temporal about the adjudication or the commitment. Temporal and provisional restraint is provided for by section 68. She had no notice of the application, either personal or by substituted service on some person in her behalf, and there was no hearing at which she was either present or represented by any other person. She had been finally adjudged insane, and committed to perpetual restraint, without notice or hearing. She is deprived of her liberty, therefore, without due process of law. People v. St. Saviour's Sanitarium, 34 App. Div. 363, 56 N. Y. Supp. 431. The insanity law, so far as it permits this, is in violation of the constitution. When one has been duly adjudged insane,—when his status as an insane person has been duly established,—personal notice, or notice of proceedings affecting his interest, may be dispensed with, if it appears that such service would be prejudicial to his mental condition. But, for the protection of those who are sane, it ought not to be tolerated that any person should be adjudged insane, and finally committed, without either notice or actual hearing.

It is doubtful, also, if the commitment of the alleged incompetent to the custody of her sister, even if it were valid, warranted her transfer to the hospital by the commission. The statute only permits transfers from one hospital to another. She is discharged.

---

(33 Misc. Rep. 536.)

ROBERTS v. GRAND LODGE A. O. U. W. OF NEW YORK et al.

(Supreme Court, Special Term, New York County. January, 1901.)

1. BENEFICIAL ASSOCIATIONS—BY-LAWS—AMENDMENT.
   Where an applicant for membership and a beneficiary certificate in a lodge agrees in his application to comply with all laws and regulations that are or may be enacted by the grand lodge, an amendment of the by-laws by the grand lodge, providing that only persons of a certain class may be named as beneficiaries, will prevent a person not belonging to that class, who was named as a beneficiary prior to the amendment, from taking the amount due, since the amendment is a part of the contract between the member and the lodge.

2. SAME—INSURABLE INTEREST.
   Plaintiff's deceased husband held a beneficiary certificate of $2,000 in defendant lodge, $1,000 of which was made payable at his death to his

daughter, and $1,000 to a friend. The certificate was procured, and the beneficiaries under it named, before marriage with the plaintiff. Subsequently the grand lodge provided that only members of the family of the assured, or persons dependent on him, could be named as beneficiaries; thus preventing payment to the friend, who belonged to neither of these classes. *Held*, that the widow was entitled to the portion of the fund not disposed of by the member in his lifetime.

Action by Jennie Roberts against the Grand Lodge of the Ancient Order of United Workmen of the State of New York and Lily Cohen. Judgment for plaintiff.

I. B. Ripin, for plaintiff.
A. C. Harwick, for defendant grand lodge.
Jacob W. Kahn, for defendant Lily Cohen.

FITZGERALD, J. Plaintiff, the widow of Nathan Roberts, instituted this action to recover from the defendant the sum of $1,000, part of the amount due upon the death of her husband. The deceased (being at the time a widower) applied to be admitted to membership in the order September 25, 1890, and in his application for a beneficiary certificate are the words: "I hereby authorize and direct that the amount to which I may be entitled of said beneficiary fund at my death be paid to Bertha Roberts, my child, Lily Cohen, a friend; $1,000 to each of them." A beneficiary certificate was upon this application duly issued by the grand lodge, and accepted by the deceased, which contained the following express condition: "That said Nathan Roberts shall in every particular, while a member of said order, comply with all the rules and requirements thereof." On September 19, 1894, Roberts married the plaintiff, and from that date until the time of his death she continued to be his wife. All dues and assessments were paid by the deceased, and he remained in good standing in the order until his death, which occurred August 20, 1899. In March, 1898, the grand lodge amended section 17 of article 4 of its by-laws as follows: "Sec. 17. Each member shall designate the person or persons to whom the beneficiary fund due at his death shall be paid, who shall in every instance be one or more members of his family, an affianced wife, or some one related to him by blood, or who shall be dependent upon him." Roberts was notified by mail of this amendment, and his receipt of registered letter so notifying him was produced upon the trial. By this amendment it will be noticed that for the first time in its history, so far as the record discloses, the grand lodge undertook to limit the class of persons who might be named as beneficiaries. Roberts, however, failed to make any direction regarding the disposition of the beneficiary fund other than expressed in his original application. Upon due proof of his death the grand lodge paid to Bertha Roberts, the daughter, the sum of $1,000. The plaintiff, as widow of deceased, has made demand upon the grand lodge for the payment of the other $1,000. Payment has been refused for the reason that the defendant Lily Cohen has also demanded that the said sum be paid to her. In order to determine the rights and obligations of the parties under an agreement such as was made by the applicant and the defendant

corporation, it is incumbent to consider the statute under which the corporation was organized, its by-laws, the application for and the certificate of membership, together with the application for a beneficiary certificate and the beneficiary certificate issued thereupon; for these constituted the contract which existed between them. Sabin v. Phinney, 134 N. Y. 423, 31 N. E. 1087. The deceased herein (Roberts), in his application for membership and for a beneficiary certificate, agreed "that compliance upon his part with all the laws, regulations, and requirements which are or may hereafter be enacted by the grand lodge" is the express condition upon which he was entitled to participate in the beneficiary fund. The express condition upon which the certificate issued upon this application was "that said Nathan Roberts should in every particular, while a member of the order, comply with all the laws, rules, and requirements thereof." The amendment to defendant corporation's general laws by the enactment of section 17 of article 4 was within the scope of the contract between the parties. The case at bar is distinguishable in very many respects from Spencer v. Grand Lodge, 22 Misc. Rep. 148, 48 N. Y. Supp. 590, upon which defendant Cohen so strongly relies. It was sought in that instance to give a retroactive effect to the amended by-laws of the supreme lodge. The beneficiary certificate, as in the present case, was issued to the member upon his application by the grand lodge. The supreme lodge was an unincorporated body, not a party to the action, and its power to legislate so as to bind the members of an incorporated grand lodge without the specific enactment of such amendment by the latter was questionable. Nor is the time of the passage of the amendment to the charter of defendant grand lodge made by chapter 437, Laws 1898, material, for, as we have seen, the power to alter its by-laws was fully conferred upon the grand lodge, independent of this amendment. The original designation as appointee of the defendant Lily Cohen was, at the time it was made, a legal one; but by the subsequent action of the defendant corporation in pursuance of the contract between it and the deceased, such designation was rendered ineffectual, and the rights of the parties must be governed by the law in force at the time when the member died. Sanger v. Rothschild, 123 N. Y. 577, 26 N. E. 3. The appointee acquired no vested interest in the sum which might, in the contingency of the member's death, become payable. Sabin v. Phinney, supra. It was admitted upon the trial that defendant Lily Cohen does not come within any of the classes designated in section 17 of by-laws, and it was conceded that, if no effectual disposition was made by the member, in his lifetime, of any portion of the beneficiary fund, plaintiff is the person entitled to such portion. I must, therefore, direct judgment for plaintiff.

Judgment for plaintiff.