(40 Misc. Rep. 274.)

### POLLAK v. SUPREME COUNCIL OF ROYAL ARCANUM.

(Supreme Court, Special Term, New York County. March, 1903.)

1. BENEFIT INSURANCE—RIGHTS OF BENEFICIARY.
   Where a benefit insurance certificate secured to the beneficiary a certain sum, on the death of the insured, in the widows' and orphans' benefit fund, but reserved to the insured a right arbitrarily to change the beneficiary at any time, such beneficiary had no vested rights until the death of the insured.

2. SAME—DISAPPEARANCE OF INSURED—REINSTATEMENT OF POLICY.
   Where a wife has an interest in the policy of benefit insurance issued on the life of her husband, and he has an absolute right to change the

---

¶ 1. See Insurance, vol. 28, Cent. Dig. § 1949.

beneficiary, she has no title on which to maintain an action on his disappearance to reinstate the policy with full force and effect, in order to test the validity of a by-law of the order requiring a member to report to the council within six months after notice sent by registered mail to his last place of residence, or, in the alternative, to be suspended.

Action by Carrie Pollak against the Supreme Council of the Royal Arcanum.   Complaint dismissed.

Milton Mayer, for plaintiff.
Arthur C. Salmon, for defendant.

GREENBAUM, J.   The defendant is an incorporated membership fraternal society.   One of its defined objects is the following:

"(5) To establish a widows' and orphans' benefit fund, from which on the satisfactory evidence of the death of a member of the order, who has complied with all its lawful requirements, a sum not exceeding three thousand ·dollars shall be paid to the wife, children, relatives of or persons dependent upon such member as limited and described in the laws of said order relating to benefit certificates, as he may direct in accordance with said laws."

On February 12, 1890, Edward Pollak, husband of the plaintiff, became a member ·of the defendant corporation, which thereupon duly issued to him its benefit certificate as such member, which, among other things, contains a provision that, subject to a compliance with certain conditions therein mentioned, "it hereby promises and binds itself to pay out of its widows' and orphans' benefit fund" to the wife of the said Edward Pollak, the above-named plaintiff, "a sum not exceeding three thousand dollars in accordance with and under the provisions of the laws governing said fund."   On or about August 30, 1896, Edward Pollak, being then in good standing as a member of the defendant cor-poration, disappeared from his home; and he has not since been heard from, and it is not known whether he is now living or dead.   After the disappearance of Edward Pollak the plaintiff regularly paid all assessments and dues payable to the defendant by reason of said Edward Pollak's membership, and the defendant, with full knowledge of the fact of his disappearance, accepted said assessments and dues until in or about March, 1902, when the defendant refused to accept any further moneys, although duly tendered by the plaintiff.   Defendant's refusal to accept any further dues and assessments was based upon the following facts:   After the disappearance of Edward Pollak the defendant corporation enacted a law relating to members who shall have disappeared, which provided, among other things, that, upon the failure of a member to report to the council within six months after receipt of a notice sent by registered mail to his last known place of residence, said member shall stand suspended from all rights, benefits, and privileges of membership.   The new enactment also provided that "if it shall be proven to the satisfaction of the supreme secretary, examiner of claims and supreme regent that such member died before the date upon which he stood suspended, his benefit should be paid according to the laws of the order."   The defendant, in accordance with the foregoing provisions of its laws, duly pursued the method therein outlined with respect to Edward Pollak; and, at the expiration of ˙ the six months, after the sending of the notice as therein required, not

having received any report from him, it regarded him as suspended from membership, and treated his contract with the defendant as annulled and forfeited. Plaintiff, as the wife of Edward Pollak, and as the beneficiary named in the aforementioned benefit certificate, brings this action to compel "the defendant to reinstate with full force and effect the policy or benefit certificate issued by it on the 12th day of February, 1890, on the life of Edward Pollak, payable to Carrie Pollak," the plaintiff.

It has been repeatedly held that the relations existing between a mutual benefit society, such as defendant's, and its members, are purely contractual, as between them. By the terms of the contract between the defendant and Edward Pollak, it was concededly the latter's right and privilege to change his beneficiary at any time, without assigning any reason for said change. It is therefore clear that the plaintiff had no vested interest in the benefit certificate, and that she merely held a naked expectancy, subject to revocation at any time during the life of her husband. Sabin v. Phinney, 134 N. Y. 423, 31 N. E. 1087, 30 Am. St. Rep. 681; Southwell v. Gray, 35 Misc. Rep. 740, 72 N. Y. Supp. 342; Bankowitz v. Bankowitz, N. Y. Law J. May 12, 1896. The vitality of the benefit certificate, by its terms, depends upon the good standing of the member to whom it is issued. If the membership is lost or destroyed, the force of the benefit certificate is gone. True, the membership can only be forfeited in a lawful manner; and if the corporation, by pursuing illegal methods, or by passing laws or regulations which are unreasonable or unfair, attempted to forfeit the rights of a member, redress through the courts is open to the member thus unjustly treated. The only person, however, who can complain of the improper or unlawful act, is the member. If he chooses to waive his rights, or decides to abide by the acts of the society, he may do so arbitrarily or whimsically, because the contract is solely between him and the society.

The theory upon which this action is brought is that Edward Pollak was alive when the benefit certificate was declared forfeited, otherwise there would be no purpose in seeking to reinstate it. If Edward Pollak was then dead, the defendant's acts were nugatory; and, indeed, it is expressly declared in the enactment relating to disappearances, as already shown, that if the "member died before the date upon which he stood suspended his benefit shall be paid according to the laws of the order." It must therefore follow that if Edward Pollak was alive at the time of his suspension as a member, or if he is still alive, he alone can raise the question of his alleged unlawful suspension by the defendant. If he was then dead, the rights of the plaintiff became vested as the beneficiary named in the benefit certificate; and her remedy would be to sue upon the certificate, should the defendant unjustly refuse to meet its obligations thereunder. It will be noticed that the plaintiff does not attempt to have Edward Pollak reinstated as a member, but the relief sought is to re-establish the validity of the benefit certificate. The plaintiff thus apparently recognized that she had no standing in court to have Edward Pollak restored to membership, but she proceeded upon the theory that the benefit certificate stood independently

of the membership, by reason of certain rights that she had in the certificate. It has, however, been shown that the life of the benefit certificate is necessarily dependent upon the existence of a membership, and that she has no vested interest in the certificate until the death of her husband, and then only provided he has not changed the beneficiary, and hence it follows that the plaintiff has no standing in a case like the one here brought.

It is, of course, not intended by this decision to include any rights the plaintiff may have in any action which she may deem proper to bring against the defendant upon the theory that her husband is dead, and it is not here intended to determine the question of the reasonableness of the enactment of the defendant relating to disappearances. I place my decision solely upon the ground that the plaintiff cannot maintain a cause of action such as she here has brought, and that the complaint must for that reason alone be dismissed, without prejudice to any new action that she may be advised to bring. In view of the peculiar facts here disclosed, the dismissal will be without costs.

Complaint dismissed, without costs.