(78 Misc. Rep. 687.)

### CAVAGNARO v. THOMPSON et al.

(Supreme Court, Special Term, New York County. December 26, 1912.)

1. INSURANCE (§ 586*)—CONSTRUCTION OF CONTRACT—INTEREST OF BENEFICIARY.

   The beneficiary under a life insurance policy, which provides that the insured may change the beneficiary at any time, has no vested interest in the sum which might, in a contingency, become payable on the death of the insured.

   [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1470; Dec. Dig. § 586.*]

2. CREDITORS' SUIT (§ 8*)—PROPERTY WHICH CAN BE REACHED—INSURANCE POLICY.

   Where insured has a right under his policy to change the beneficiary, such dominion over the policy makes it property, which can be reached by his creditors.

   [Ed. Note.—For other cases, see Creditors' Suit, Cent. Dig. §§ 12–41; Dec. Dig. § 8.*]

Action by John J. Cavagnaro, judgment creditor, to reach personal property claimed to belong to Emery Thompson and others, judgment debtors. Judgment for plaintiff.

Heyn & Covington, of New York City (Bernard G. Heyn, of New York City, of counsel), for plaintiff.

Rose & Putzel, of New York City (Norman P. S. Schloss, of New York City, of counsel), for defendants.

GIEGERICH, J. The evidence satisfies me that the stock of the defendant the Emery Thompson Machine & Supply Company was transferred by the defendant Emery Thompson to his wife, the defendant Violet Irene Thompson, without consideration and for the purpose of defrauding the plaintiff. The defendants Thompson were married in June, 1904. At the time they were married he did not owe her any money. Before their marriage she had not been in any business. The only explanation as to the source of the money which they claim she loaned to him is that he gave her part of his income from time to time, but in what amounts and when and in what aggregate amount they could not state. Their entire testimony was so vague as to be of little value and of such a character in other respects that I cannot credit it. Upon the trial the husband testified that prior

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to the marriage he had agreed to give his wife $20 per week after the marriage; but neither of them, when previously examined in the supplementary proceedings, testified to any such agreement, nor was it shown that it was ever acted upon after the marriage.

[1] Among the assets sought to be reached are two policies of the New York Life Insurance Company. These policies provide that the insured may change the beneficiary at any time during the continuance of the respective policies. Such changes of the designation of beneficiaries have been made on the policies from time to time, and the latest designation, made on March 16, 1905, named the defendant Violet I. Thompson as such beneficiary. It is well established that in the case of such policies the beneficiary designated does not have a vested interest in the sum which might in a contingency become payable on the death of the insured. This was held in Sabin v. Phinney, 134 N. Y. 423, 31 N. E. 1087, 30 Am. St. Rep. 681, in the case of a contract between a member and a mutual benefit society which gave the assured the right to change the beneficiary. The same ruling in a like case was made in Pollak v. Supreme Council, 40 Misc. Rep. 274, 81 N. Y. Supp. 942.

[2] On behalf of the defendants Thompson it is pointed out that no case has been cited by the plaintiff decided by the courts of this state on the point under discussion with respect to insurance policies as distinguished from certificates in benefit societies; but I deem that circumstance immaterial because the same reasons for such construction of the contract apply in both cases. In other jurisdictions it has frequently been held that, where the assured has the right under an insurance policy to change the beneficiary, such dominion over the policy makes it property, which can be reached by his creditors. In re White, 23 Am. Bankr. Rep. 90, 174 Fed. 333, 98 C. C. A. 205, 26 L. R. A. (N. S.) 451; In re Hettling, 175 Fed. 65, 99 C. C. A. 87; In re Orear, 178 Fed. 632, 102 C. C. A. 78, 30 L. R. A. (N. S.) 990; In re Herr (D. C.) 182 Fed. 716; In re Dolan (D. C.) 182 Fed. 949. It is claimed, furthermore, by the defendants Thompson that the premiums on the policies in question were paid by the defendant Violet Irene Thompson. The complaint as to the second policy, No. 3,241,-648 (being the endowment policy for $2,000), however, states that at all the times therein mentioned the defendant Emery Thompson paid and caused to be paid the premiums on the said policy, which allegation is not denied by the answer. Moreover, the evidence shows that the premiums, not only on this policy, but on the first one (No. 843,-181) as well, were paid by the said defendant Emery Thompson.

The plaintiff should accordingly have, as against the defendants Thompson and the Emery Thompson Machine & Supply Company, judgment for the relief demanded in the complaint, with costs. Let requests for findings, with proof of service, be submitted within 10 days after the publication of this memorandum.