SIMON SANGER, Individually and as Administrator, etc., of YANDEL SANGER, Deceased, Plaintiff, v. EMMA ROTHSCHILD, Individually and as Administratrix, etc., of WILLIAM ROTHSCHILD, Deceased, Defendant.

*Mutual benefit aid associations — the power of a member to alter the rights of those declared by the charter to be beneficiaries is to be determined by its constitution — when the subsequent marriage and death of a member leaving a widow renders a prior designation ineffectual.*

In 1874 William Rothschild, who was then unmarried, became a member of a mutual benefit aid association, organized under the laws of this State, whose constitution declared, by section 2 thereof, that after the death of a member the sum of $1,000 should be paid, in the first instance, to his wife or children, as thereinafter provided by section 6; or, secondly, if his wife be dead, to his children; and that no other person should be entitled thereto, unless a brother shall have so designated in writing to his lodge, as thereinafter provided. Section 6 provided that a married brother may bequeath one-half of the legal amount to either one or all of his children; $500 at least must be devised to his widow.

In September, 1881, Rothschild executed a written instrument by which he declared, of his own free will, that the $1,000 should be paid after his demise to his uncle and aunt, Simon and Yandel Sanger, except otherwise by him directed. On May 4, 1884, Rothschild married the defendant in this action and died on January 15, 1888, leaving his widow him surviving, but no children. The $1,000 was claimed by the plaintiff Simon Sanger, individually and as administrator of Yandel Sanger, and also by the defendant Rothschild's widow.

*Held,* that the question as to which of these parties had the better title to the money in controversy must be determined by the constitution or by-laws of the association.

*Greeno* v. *Greeno* (23 Hun, 478, 482) followed, and other cases supporting this principle cited.

That the right of the defendant, as the widow of a deceased member, to receive the money must be determined by the constitution and by-laws existing when the written designation was made, and was not, in any respect, dependent upon more favorable action afterwards taken in her behalf by the association.

That the sections of the constitution or by-laws already quoted secured to the defendant, as the wife and widow of the member, this sum of money, without any designation by him, inasmuch as no bequest of any part of it was at any time made, or could have been made, to children of the deceased member.

That this direction was no less imperative for the reason that he was not married at the time he made the written designation, as such designation was necessarily subject to this direction of the constitution, and that such a designation was,

therefore, rendered ineffectual in the case of a member who should thereafter marry and die leaving a widow him surviving.

*Folmer's Appeal* (87 Penn., 133); *Highland* v: *Highland* (109 Ill., 366) criticised and distinguished.

CASE submitted upon an agreed statement of facts, under section 1279 of the Code of Civil Procedure.

*Solon P. Rothschild,* for the plaintiff.

*Charles A. Adams,* for the defendant.

DANIELS, J.:

William Rothschild, who was then unmarried, in 1874 became a member of the Independent Order of Free Sons of Israel, which was a mutual benefit aid association, organized and existing under the laws of the State of New York. By its constitution or by-laws it obligated itself to pay the sum of $1,000 on the decease of a member. Rothschild, in September, 1881, made the following designation for the payment of this sum of $1,000 :

I, the undersigned, member of the Standard Lodge, No. 30, I. O. F. S. of I., do hereby declare, of my own free will, that the money, according to the endowment law of this district, amounting to one thousand dollars, should be paid, after my demise, to my uncle and aunt, Simon and Yandel Sanger, except otherwise by me directed.

W. ROTHSCHILD.

Witness: HENRY LEVY.
            MOSES LICHTENAUER.

And it is under this designation that the plaintiff, in his own behalf and as administrator of his wife, Yandel Sanger, claims this sum of money. Rothschild married the defendant on the 4th of May, 1884, and died on the 15th of January, 1888, leaving her his widow surviving him, but no children; and she, individually and also as administratrix, claims the same sum of money.

Which of these parties has the better title to the money in controversy must be determined by the constitution or by-laws of the association. (*Greeno* v. *Greeno,* 23 Hun, 478, 482), where the statement of the law was approved, " that it was not in the power of the company or of the member, or both, to alter the rights of those who, by charter, are

declared to be beneficiaries, except in the mode and to the extent therein indicated." And the cases of *Masonic Insurance Company* v. *Miller* (13 Bush., 489); *Duvall* v. *Goodson* (79 Ky., 224); *President Mutual Assurance Fund* v. *Allen* (106 Ind., 593); *Addison* v. *New England Commercial Travelers' Association* (144 Mass., 591); *Kaiser* v. *Kaiser* (1 N. Y. State Rep., 258); *Hellenberg* v. *District No.* 1, *etc.* (94 N. Y., 580); *Massey* v. *Mutual Relief Society* (102 N. Y., 523), support this principle. The title to the fund, therefore, becomes a question of construction of the language employed in framing the constitution or by-laws in force and operative upon these parties.

At the time when the written designation for the payment of the $1,000 was made, and which was the only designation made in writing by the deceased member, the constitution of the society declared, by section 2, that the object of this fund shall be to secure the sum of $1,000, after the death of a member, and this amount shall be paid, in the first instance, to his wife or children, as hereinafter provided by section 6; or, secondly, if his wife be dead, to his children. No other person shall be entitled thereto, unless a brother shall have so designated in writing to his lodge as hereinafter provided; and by section 6, in this manner referred to, it was further provided that "a married brother may bequeath one-half of the legal amount to either one or all of his children; $500, at least, must be devised to his widow. In 1885, and again in 1887, changes were made in the constitution or by-laws of the order concerning the payment of this sum of money, but in no way advancing the rights or claims of the plaintiff, either individually or as administratrix. But so far as the changes extended, they appear to have been intended more definitely and distinctly to provide for the widow and the children of the deceased member, than that had been done by the constitution or by-laws in force when this written designation was made. If, therefore, the defendant, as the widow of this deceased member, became entitled to the money under the constitution or by-laws existing when the written designation was made, a judgment to that effect must be directed in the action without rendering it, in any respect, dependent upon more favorable action afterwards taken in her behalf by the association or society; and as the wife and widow of the member, the constitution or by-law

already quoted secured to her this sum of money, inasmuch as no bequest of any part of it was at any time made, or could have been made, to children of the deceased member. As to the widow, no designation in writing was required, for it was declared, in plain language, that the sum of $1,000 should be paid, in the first instance, to the wife of the member, or to his children, as provided by section 6; and as he left no children and made no bequest under the authority of section 6, the direction of the constitution was absolute for the payment of the money to his widow. That direction was no less imperative for the reason that he was not married at the time when he made the written designation in favor of the plaintiff and the intestate represented by him. The designation was necessarily subject to this direction contained in section 2 of the constitution or by-laws. It rendered that designation ineffectual in case of the decease of the member leaving a widow surviving him, as was the fact in this instance.

The case of *Folmer's Appeal* (87 Penn., 133) has been relied upon as an authority opposed to this construction, but the facts of that case materially differ from the present controversy. It seems to have been disposed of upon the effect of a proviso which the court held did not deprive the member of the power of disposing of the fund in favor of another person not within the proviso. The construction which was there adopted was somewhat severe, and is not entirely in harmony with the language of the constitution or by-laws of the association, and it cannot reasonably be extended to this case which does not depend upon a proviso, but upon an unqualified direction that the money shall, in the first instance, be paid to the wife of the deceased member. The case of *Highland* v. *Highland* (109 Ill., 366) also depended upon the peculiar provisions of the constitution of the order from which the money proceeded in that instance, and it as materially differs in its controlling facts from this case as the other authority just referred to. Here there can be no misapprehension as to the construction which should be placed upon the constitution or by-laws of the order, for it, in plain language, contains the clear direction that the money shall be paid in the first instance to the wife, and her right to it has in no way been rendered dependent upon or subject to any written or other direction of the member himself. It is secured to her in direct terms as a funda-

mental part of the arrangement affecting the disposition of the amount to be paid. His marriage, consequently, annulled the preceding written designation in favor of the plaintiff and the intestate represented by him, and entitled the defendant, as the wife or widow of the deceased member, to this sum of money.

Judgment must accordingly be directed upon the case submitted to that effect.

VAN BRUNT, P. J., and BRADY, J., concurred.

Judgment ordered as directed in opinion.