SIMON SANGER, Appellant, v. EMMA ROTHSCHILD, Respondent.

<div style="margin-right:0">123 577<br>134 428</div>

In 1881, R., who was unmarried, became a member of a mutual aid association, and directed in writing that the endowment of $1,000, provided for by the laws of the association upon his decease be divided equally between an uncle and aunt. In 1884, R. married, and died in 1888, without having made any other disposition of his endowment. In 1887, the laws of the association were amended so as to provide that the endowment due a member should be paid first to the widow, second to the children, if there is no widow, and third to the parents, if there are neither widow nor children, and the members were empowered to designate a beneficiary of the fund, provided one-half of it was given to the widow or children, and a designation was declared to be valid only when made in accordance with the laws and rules of the association. Upon a case submitted to determine who was entitled to the endowment, held, that by the marriage the previous disposition became ineffectual; that conceding to it the same force as if made after 1887 as it was not in form or substance in conformity with the law of the association then in force, it was wholly invalid; and that the widow was entitled to the whole of the endowment as provided for by said laws in the absence of any designation.

Reported below, 50 Hun, 157.

(Argued October 24, 1890; decided December 2, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made November, 20, 1888, directing a judgment in favor of defendant upon a case submitted under sections 1279 and 1280 of the Code of Civil Procedure.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Sol. Kohn* for appellant. The law relating to endowments as it existed at the time of Rothschild's decease and not that

in force when the declaration in question was made, is the law which governs the disposition of the $1,000 benefit. (*Durian* v. *Central Verein*, 7 Daly, 168; *McCabe* v. *F. M. T. A. B. Society*, 24 Hun, 149.) The marriage of defendant with William Rothschild did not annul the declaration. (*Forresters* v. *Callahan*, 146 Mass. 391.) The law does not favor a forfeiture. (*Darrow* v. *F. F. Society*, 116 N. Y. 537; Bacon on Ins. § 362.) Simon Sanger became entitled, upon the death of his wife, to her interest, in addition to his own. (*Olmstead* v. *Keyes*, 85 N. Y. 393; Bliss on Life Ins. 546.)

*Wm. S. Cogswell* for respondent. Under the constitution and endowment laws in force when William Rothschild became a member of the order, and at the time when he made the designation on which appellant relies, when a deceased member left a widow or child him surviving, no other person could become a beneficiary of the fund. (*Greeno* v. *Greeno*, 23 Hun, 478; *M. Ins. Co.* v. *Miller*, 13 Bush, 489; *Duval* v. *Goodsen*, 79 Ky. 224; *P. M. A. Fund* v. *Allen*, 106 Ind. 593; *Addison* v. *N. E. C. T. Assn.*, 144 Mass. 591; *Keyser* v. *Keyser*, 1 N. Y. S. R. 258; *Hellenberg* v. *Dist. No.* 1, 94 N. Y. 580; *Mussey* v. *M. R. Society*, 102 id. 523.) Simon and Yandel Sanger took no vested interest in the fund by virtue of the designation. (Nibloch on M. B. Societies, 237; *M. M.*, etc., v. *Burkhart*, 110 Ind. 189; *Durian* v. *Central Verein*, 7 Daly, 168; *Deady* v. *B. C. M. B. Assn.*, 17 J. & S. 246; *Hellenberg* v. *Independent Order*, etc., 94 N. Y. 580.) The members of the order were amenable to such provisions of the constitution and endowment laws as the order chose for the time being to adopt. (*McCabe* v. *F. M. T. A. B. Society*, 24 Hun, 149; *Kehelenbeck* v. *Logeman*, 10 Daly, 447; *Poultney* v. *Bachman*, 31 Hun, 49; *S. P. M. B. Society*, v. *McVey*, 92 Penn. 81, 510; *Coles* v. *I. S. M Ins. Co.*, 18 Ia. 425.)

Earl, J. In 1881, the defendant's intestate, William Rothschild, who was then unmarried, was a member of a

mutual aid association known as the Independent Order of
Free Sons of Israel, and he made a certain declaration in
writing whereby he directed that the endowment of $1,000
provided for by the laws of the association should, upon his
decease, be paid to his uncle and aunt Simon and Yandel
Sanger.    In 1884, he married the defendant, and he died in
1888 without having made any other disposition of the $1,000.
The plaintiff now claims one-half of the $1,000, under the
disposition thereof made by the declaration of Mr. Roths-
child in 1881, and the defendant, his widow, claims the whole
thereof under the laws of the association.

The laws of the association, as found in its constitution,
must govern the rights of these parties.   No member could
dispose of his interest in the endowment fund contrary to
those laws, nor except as permitted by them, and so both
parties admit.

The disposition made by Mr. Rothschild was authorized
and legal when made and would, if he had not married, have
carried the fund to the beneficiaries named by him.   But we
think by his marriage his previous disposition was rendered
ineffectual.   Both parties concede this to be so under the laws
of the association as they existed previous to 1887.   But in
that year its laws were revised and new laws were promul-
gated, and it is admitted that the rights of these parties are
governed by the laws in force when Mr. Rothschild died.
These laws provide that the endowment of $1,000 shall be
paid first to the widow, second, to the children, if there be
no widow, and third, to the parents, if there be no widow or
children, and they empower a member to designate any bene-
ficiary of the fund provided that he must leave at least one-
half thereof to the widow, if there be one, and if not, then
at least one-half to the children, if any.   In this case, it is
admitted by the plaintiff that if there had been no designa-
tion the widow would be entitled to the whole of the fund.
But he claims that the laws operate on the designation only
so far as to cut down the plaintiff's right by virtue thereof to
one-half of the fund so as to leave the defendant $500, as

provided by the laws.   The only question, therefore, for us to determine is whether the designation made in 1881 can have any operation under the laws adopted in 1887.   No designation could be valid unless made "in accordance with the laws and rules" of the association.   The designation made in 1881 can certainly be no better than if it had been made after 1887. And the laws then in force required that "in any designation which a member may make, at least five hundred dollars must be left to his widow."  · This designation leaves nothing to the widow, and, therefore, is not in form or substance in conformity with the law.   A married member of this association may exercise the power of designation given by the laws.   But in the designation he must leave his widow at least $500, and he may leave her more as he may determine, and unless he exercises the power of designation in this way, his designation is wholly ineffectual, and the widow will take the whole fund as provided in the laws.   The widow is entitled to at least $500, and in the absence of any designation by her husband of the amount she is to have, by what authority can her right be cut down to $500, or to any sum less than the $1,000 ?

The judgment should, therefore, be affirmed, with costs.  .

All concur.

Judgment affirmed.