MONROE L. SIMON and Another, as Administrators, etc., of PATRICK DORAN, Deceased, Appellants, *v.* JAMES O'BRIEN, as Administrator, etc., of LIZZIE F. DORAN, Deceased, Respondent.

*Life insurance — policy of the Catholic Benevolent Legion, construed — determination of rights of various parties thereunder — stipulation as to costs enforced.*

A policy of life insurance issued by the Catholic Benevolent Legion to Patrick Doran contained the following clauses:

"These conditions being complied with, the Supreme Council Catholic Benevolent Legion hereby agree to pay out of its benefit Fund to Lizzie F. Doran, wife, a sum of money not exceeding Two thousand Dollars, according to the provisions of law governing said Fund, upon the death of said member in good standing, provided he shall not have substituted another beneficiary, or reduced the amount of said benefit under the rules governing disability Benefits.

" The said Supreme Council agrees to pay out of its Benefit Fund to said member a sum not exceeding one-half of the benefit above stipulated, upon due proof that he has become entitled thereto under the provisions of law relative to permanent disability, upon the surrender of this certificate and acceptance by him of another, one-half the amount first above mentioned."

Sections 3 and 4 of chapter 2 of the by-laws of the Catholic Benevolent Legion were as follows:

"Sec. 3. A member may at any time, when in good standing, surrender his certificate and have a new one issued, payable to such beneficiary or beneficiaries related to or dependent upon him as he may direct, upon the payment of a certificate fee of fifty cents.

"Sec. 4. In the event of the death of a beneficiary of a member, and no change of beneficiary shall have been made as hereinbefore provided, the share of such deceased beneficiary shall be paid to his or her legal representative."

Lizzie F. Doran died prior to the insured, Patrick Doran. Neither left ancestors or descendants, and the insured did not designate another beneficiary in the place of his deceased wife.

By the constitution of the Catholic Benevolent Legion the beneficiary was limited to the family and dependents of the insured.

*Held,* that Lizzie F. Doran was the ultimate beneficiary under the certificate; but that she was not solely interested therein because the insured, Patrick Doran, during his life was entitled to receive one-half the amount of the policy upon proof that he had become permanently disabled;

That the only interest that Lizzie F. Doran had in the certificate was a contingent one, subject to be wholly divested by the designation of another beneficiary, or by her death before the death of her husband;

That the 4th section of chapter 2 of the by-laws of the insurer did not provide for an ultimate disposition of the insurance, but merely designated the person to whom the corporation might pay the same in discharge of its liability;

That the designation of a beneficiary, not within the class specified in the contract, would be invalid and would confer no right upon the person designated;

That the collateral relatives of the wife of the insured, as they were not dependent upon him, were not members of his family, and were not related to him within the meaning of the contract, could not have been legally designated by the insured as beneficiaries under the certificate; that the law could not confer a right to the insurance money which the parties to the contract could not confer;

That in case the insured failed to designate his beneficiary the amount payable by the certificate, in case the insurer was liable, was payable to the legal representative of the member, to be distributed according to the terms of the contract;

That the insured had a vested interest in the certificate of which no one could divest him, and, in case of his failure to designate a beneficiary, his legal representatives were entitled to the fund.

Where the parties to an appeal have stipulated that neither shall recover costs against the other, no costs will be awarded. (VAN BRUNT, P. J., dissenting.)

APPEAL by the plaintiffs, Monroe L. Simon and another, as administrators, etc., of Patrick Doran, deceased, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 26th day of January, 1895, upon the decision of the court, rendered after a trial at the New York Special Term, adjudging the defendant to be the rightful owner of a certain sum of $2,000 free from any lien or claim of the plaintiffs.

*John J. Gleason,* for the appellants.

*David McClure,* for the respondent.

FOLLETT, J.:

It is assumed in the record that the Catholic Benevolent Legion is a corporation, organized under the laws of this State, but when incorporated or under what statute is not disclosed. We find in the record a document called "The Charter of the Catholic Benevolent Legion," which may be the articles of association, and also a document called "The Constitution of Catholic Benevolent Legion," in the second article of which the objects of the legion are stated.

"SECTION 1. The objects of the legion shall be : * * *

"3d. To establish a benefit fund, from which, on the satisfactory evidence of the death of a member who shall have complied with all its lawful requirements, a sum not exceeding $5,000 shall be paid to his family or dependents as such member may have directed; and from which benefit fund a sum not exceeding $2,500 may be paid to a member who shall have become permanently disabled from attending to business or gaining a livelihood, and who, having complied with all its lawful requirements, has arrived at the age of expectancy as fixed by the printed table in our laws."

The case contains another document called "The Laws of Catholic Benevolent Legion," which we assume to be the by-laws of the corporation, chapter 2 of which contains the following sections :

"Sec. 3. A member may at any time, when in good standing, surrender his certificate and have a new one issued, payable to such beneficiary or beneficiaries related to or dependent upon him as he may direct, upon the payment of a certificate fee of fifty cents.

"Sec. 4. In the event of the death of a beneficiary of a member, and no change of beneficiary shall have been made as hereinbefore provided, the share of such deceased beneficiary shall be paid to his or her legal representative."

Under this constitution and these by-laws the Catholic Benevolent Legion issued and delivered to Patrick Doran a certificate, of which the following is a copy :

"No. 14771.                                                    $2000.00.

"Catholic Benevolent Legion Benefit Certificate.

"This certificate is issued to Patrick Doran, a member of Harlem Council No. 211, Catholic Benevolent Legion, located at New York city, N. Y., upon evidence received from said Council that he is a third grade contributor to the Benefit Fund of this Legion, and upon condition that the material statements are true which are contained in his application for membership and medical examination filed in the office of the Supreme Secretary and made a part of this contract, and that he will strictly comply with the laws, rules and regulations of the Legion.

"These conditions being complied with, the Supreme Council Catholic Benevolent Legion hereby agree to pay out of its benefit Fund to Lizzie F. Doran, wife, a sum of money not exceeding Two thousand Dollars, according to the provisions of law governing said Fund upon the death of said member in good standing, provided he shall not have substituted another beneficiary or reduced the amount of said benefit under the rules governing disability Benefits.

"The said Supreme Council agrees to pay out of its Benefit Fund to said member a sum not exceeding one-half of the benefit above stipulated upon due proof that he has become entitled thereto under the provisions of law relative to permanent disability, upon the surrender of this certificate and acceptance by him of another one-half the amount first above mentioned.

"In Witness Whereof, the Supreme Council of the Catholic Benevolent Legion has hereunto affixed its seal, and caused this certificate to be signed by its Supreme President and attested and recorded by its Supreme Secretary at the city of Brooklyn, New York, this 7th day of February, 1888.

> "JOHN McGUIRE, *Supreme President.*     [L. s.]
> "JOHN D. CARROLL, *Supreme Secretary.*

"I accept this certificate on the conditions therein named.

> "Patrick Doran,
>> "Of Harlem Council, No. 211 C. B. L.

"[L. s.] Witnessed and delivered in our presence.

>> "P. J. Casey, *President,*
>> "J. J. Cleary, *Secretary."*

April 9, 1893, Lizzie F. Doran, the wife of Patrick Doran, the beneficiary in the certificate, died intestate, leaving no ancestors nor descendants, and leaving her surviving Patrick Doran, her husband, two brothers and two sisters her only next of kin. September 21, 1893, the defendant was duly appointed the sole administrator of her estate. May 13, 1893, Patrick Doran died intestate, leaving no ancestors nor descendants, but leaving a brother, nephews and nieces, his sole next of kin. June 9, 1893, the plaintiffs were duly appointed administrators of his estate.

Patrick Doran did not designate another beneficiary in the place of his deceased wife, and the certificate remained in full force and effect at the time of his death and was found among his papers. Both administrators claimed the $2,000, payable by virtue of the certificate, and the Catholic Benevolent Legion, admitting its liability, paid over the money, pursuant to a stipulation entered into between the rival administrators that it should be deposited with the Farmers' Loan and Trust Company to await the decision of an action to be brought to determine who was entitled to receive it.

Lizzie F. Doran was the ultimate beneficiary under the certificate, but she was not solely interested therein because Patrick Doran during his life was entitled to receive one-half of the $2,000 upon proof that he had become permanently disabled. (Certificate, 3d clause, const. art. 2, subd. 3.) The only interest that Lizzie F. Doran had in the certificate or in the sum payable thereby was a contingent one, subject to be wholly divested by the designation of another beneficiary, or by her death before the death of her husband. (*Hellenberg* v. *Dist. No.* 1 *of I. O. of B. B.*, 94 N. Y. 580; *Smith* v. *N. B. Society*, 123 id. 86–88; *Sabin* v. *Phinney*, 134 id. 423; *Tyler* v. *Odd Fellows' Mutual Relief Association*, 145 Mass. 134.) In *Smith* v. *N. B. Society* (*supra*) the interest of a beneficiary was held to be no more a vested one than that of a legatee in a will before the death of a testator, and in *Hellenberg* v. *Dist. No.* 1 *of I. O. of B. B.* (*supra*) it was held that upon the death of a beneficiary before the death of the member the case stands exactly as if no designation had been made. These decisions are conclusive against the right of any person claiming under Lizzie F. Doran to take the money, unless there is some provision in the contract by which they are expressly entitled to it. The only pro-

vision in the certificate, constitution or by-laws under which the defendant claims to be entitled to the money is the 4th section of chapter 2 of the by-laws above quoted. That section does not provide for the ultimate disposition of the fund, but simply designates the person to whom the corporation may pay the sum in discharge of its liability. It is difficult to see how that section relates to contracts like the one under consideration, except in the event of the death of a beneficiary after the death of the member, in which case if payment had not been made to the beneficiary before his death, then a payment to his legal representative is provided for by this section. But it may be that this corporation issues other kinds of certificates to which section 4 is specially applicable.

By the constitution the persons who may be designated as beneficiaries are limited to the family and dependents of the member. (Art. 2, § 3.) But by section 3 of chapter 2 of the by-laws it is provided that when a new certificate is issued it may be made payable to one related to or dependent on the member. The designation of a beneficiary not within the classes specified in the contract would be invalid and would confer no right upon the person designated. (*Hellenberg* v. *Dist. No.* 1 *of I. O. of B. B.*, 94 N. Y. 580; *Sanger* v. *Rothschild*, 123 id. 577; *Tyler* v. *Odd Fellows Mutual Relief Association*, 145 Mass. 134.) The collateral relatives of Patrick Doran's wife were not dependent upon him, were not members of his family, nor were they related to him within the meaning of the contract, and they could not have been legally designated by Doran as beneficiaries under this certificate, and the law cannot confer a right to this money which the parties to the contract could not confer. In case the member fails to designate his beneficiary the amount payable by the certificate, in case the corporation is liable, is payable to the legal representative of the member to be distributed according to the terms of the contract. (*Bishop* v. *G. L. E. O. of M. A.*, 112 N. Y. 627.)

Suppose the person designated under this contract had been a dependent who was nowise related to the member, and the beneficiary had predeceased the member, who died without making a new designation, it would not, we think, be seriously contended that the dependent's next of kin would be entitled to take the fund. The member had a vested interest in the certificate of which no

one could divest him, and in case of his failure to designate a bene-ficiary his legal representatives are entitled to the fund. In the case at bar the husband succeeded to the entire estate of his wife, under the laws of this State, and the defendant has no title to the fund.

The facts in this case having been agreed on there is no occasion for a new trial. The judgment should be reversed and a judgment ordered in favor of the plaintiffs adjudging them to be entitled to the fund. The parties having stipulated that neither shall recover costs against the other no costs are awarded.

Van Brunt, P. J.:

I concur except as to costs. I do not see how the parties can control the discretion vested by statute in the court by their stipulation.

O'Brien, J.:

The by-laws provide (Chap. 2, § 4): "In the event of the death of a beneficiary of a member, and no change of beneficiary shall have been made as hereinbefore provided, the share of such deceased bene-ficiary shall be paid to his or her legal representative." As there is no ambiguity in this language, it should be construed to mean just what it says, and the money, therefore, very properly could have been paid over by the legion to the legal representatives of the wife. I concur in the view expressed in the opinion of Mr. Justice Follett, that the wife had no vested interest during the life of the member, but the latter having died after the beneficiary, the money should be paid to those designated in the certificate, which, read in the light of the charter and the constitution, made the contract between the member and the society. The parties had the right to agree upon the person or persons to whom, in the contingency named, the money should be paid.

The question, however, of who is entitled to the money and that of who should receive it are separate and distinct. Although in terms payable to the legal representatives of the beneficiary named (who in this case was the wife) for the purpose of administration, it by no means follows that her brothers or sisters are entitled to it. So to hold would be contrary to the certificate and the charter and constitution of the legion. They limit the benefits to the member

himself, or to his family, or to dependents designated by him.  I do not think, therefore, that the brothers or sisters of the wife have any interest in the fund, but it must eventually go to and constitute a part of the estate of the husband.  At law, the surviving husband is absolutely entitled to the personal property of the wife where she dies intestate without children.  Whether, therefore, the wife had a vested interest or not — and, as said, I concur in the view that she had not — and though the payment of the fund by the legion under the contract was properly made to the administrators of the wife, it at once became the property of the estate of the husband; and, as the question here is as to what persons are eventually entitled to take, I think that this must be decided in favor of the estate of the husband.

I, therefore, concur in the result reached by Mr. Justice FOLLETT, and, as the administrator of the wife had a right to receive payment, he should not be required to do more than hand over such fund to the plaintiffs, who, as administrators of the husband, represent his estate.

Judgment reversed, and judgment ordered in favor of the plaintiffs.