NOVEMBER TERM, 1897—VOL. 19.    377

Loewenthal *et al. v.* District Grand Lodge No. 2, I. O. B. B.

## LOEWENTHAL ET AL. *v.* DISTRICT GRAND LODGE
## No. 2, I. O. B. B.

[No. 2,387.   Filed February 24, 1898.]

MUTUAL BENEFIT ASSOCIATION. — *Designation of Beneficiaries.* — Where the by-laws of a mutual benefit association provide that members upon admittance to membership who desire to participate in the endowment fund shall designate the beneficiary and the manner in which such endowment shall be paid, in a book to be kept for that purpose by the local lodge, or if such member be absent from his lodge, or through extraordinary causes' be prevented from thus designating a beneficiary in said book, he may do so in writing transmitted to the local lodge, and if no such designation has been made by such member the endowment fund at his death shall be paid to his wife, or if she be not living, to his children pro rata, but if he leave neither wife nor children, and has made no valid declaration of beneficiaries, then no endowment shall be paid, the failure of a member to make such designation is a failure to comply with a condition precedent, and the fact that the local lodge did not keep the book used in recording the names of the beneficiaries as provided in the by-laws was not a sufficient excuse for failing to make such designation of beneficiaries, and where a member dies without making such designation as provided, leaving neither wife nor children, the brothers and sisters of deceased cannot recover such endowment fund on an oral statement made by deceased to the secretary of such society that he desired the money to go to them.

From the Vanderburg Superior Court.   *Affirmed.*

*Philip W. Frey,* for appellants.

*Alexander Gilchrist, Curran A. De Bruler* and *Victor Abraham,* for appellee.

BLACK, J.—The complaint of the appellants against the appellee contained three paragraphs, a demurrer to each of which for want of sufficient facts was sustained. Counsel present for our consideration the question as to the sufficiency of the third paragraph, in which it was, in substance, alleged that the appellee, an incorporated mutual benefit society with subordinate lodges under its jurisdiction, had a

378    APPELLATE COURT OF INDIANA,

Loewenthal *et al. v.* District Grand Lodge No. 2, I. O. B. B.

covenant endowment fund, of which all the members of the order might become participating members; that the appellee had among its objects that of creating a fund to secure, at the death of a participating member of the endowment fund, to his widow, children, or other dependent member or members of his family, or such charitable institution as he might designate, an endowment of $1,000.00; that the appellee was the supreme controlling power of the subordinate lodges and the endowment fund, and controlled and managed the financial and insurance part of the endowment and the order; that in 1894 (the date not being more particularly stated) one Adolph Loewenthal became a member of Thisbe Lodge, No. 24, a local lodge, subordinate to the appellee, at Evansville, Indiana, and at said time elected to be entitled to participate in said endowment fund under and by virtue of section 3 of the endowment fund law of the appellee, set out in the complaint as follows: "Section 3.   The contributing and participating membership of this fund shall consist of * * * persons below the age of forty-five years on their admittance to membership in lodges of this district, who, on such admittance, elect to become participating members of this fund." It was further alleged, that said Adolph Loewenthal became and was entitled at his death to the payment to the members of his family of the sum of $1,000.00; that during his lifetime he remained a member of said order, and performed all the obligations of such membership on his part assumed, and due from him under the constitution and laws of the order; that on the 1st day of Otcober, 1894, he, being a member in good standing of said order, died, intestate, leaving the appellants as his only heirs at law.   Section 10 of the endowment law of the appellee was set out as follows: "Section 10.   On

receipt of such certificate, the same shall be carefully examined by the endowment fund secretary, and, if found correct, and the lodge is not delinquent, he shall draw an order on the treasurer, which shall be signed by himself and the president, and the treasurer shall, upon presentation of such order, at once pay the sum of $1,000.00 to the designated trustee or trustees of the lodge. The said trustee or trustees shall pay said sum to the beneficiary or beneficiaries which said deceased member prior to his decease may have designated, in accordance with this law, in the books of his lodge (as provided in section 13); and, if no such designation has been made, then, and in such event, he shall pay the same to the wife of the deceased, or, if she is not living, pro rata to his children surviving him, the lawful issue of his body (or their guardian); but, if he leave neither lawful wife nor children, and has made no valid declaration of beneficiaries, then no endowment shall be paid." It was alleged that the intestate, at the time of his death, left neither wife nor children, and had made no valid declaration of beneficiaries. Section 13 of the endowment law is set out as follows: "Section 13. Every lodge of this district shall keep a book, in which the names and ages of all its participating members shall be stated, each on a separate page. Each participating member shall inscribe in said book to which member or members of his family or to which charitable institutions, as beneficiaries, and in what manner, his endowment money shall be paid, at his demise, and his declaration thus made shall be witnessed by some officer of the lodge or notary public, and it shall be the duty of his lodge to see that his desire, thus expressed, be carried out. And no change shall be made in a declaration or desire thus inscribed, unless the same be in writing, entered in

said book, and signed by at least one officer of the lodge. A participating member absent from the place where his lodge is located, or who through extraordinary causes may be prevented from designating a beneficiary or beneficiaries in said book, may attain that object by transmitting to his lodge a declaration made by him in writing before an officer authorized to take acknowledgments, whose signature must be certified to by a clerk of a court of record, under the seal thereof, or by a United States consul."

It was alleged that at the time the intestate became a member of Thisbe Lodge, and at the time of his admission to membership in the lodge, and at the time of his election to become a participating member of the endowment fund, said lodge did not keep a book in the lodge room, with the names and ages of all its participating members, each on a separate page, and did not at that time have in the lodge room a designated book such as is required under said section 13; that at that time, though requesting the privilege of carrying out the obligation on his part to make the declaration as provided in said section 10, he was, on account of the failure of said lodge, prevented from making his declaration as to his beneficiary or beneficiaries under said section 10; that said failure on the part of the lodge consisted in the negligence of its officers and custodians in not having present in the lodge room the declaration book provided for by said section 10, and in not having it then and there accessible to newly-elected members and to the intestate; that at the time he elected to become a member entitled to the endowment, he asked to be allowed to make his designation as provided in the law of the order, and was told that the designation book was not then in the lodge room, but was told

by the secretary that he would bring the same to him
to make said designation, which was never done, and
said book was at no time presented to the intestate;
that at the time he so elected and asked and was so
told, he was asked by the secretary to whom he
wished to make such designation, and the intestate
then replied to the secretary that he wished his money
to go to his brothers and sister; that at that time the
only brothers and sister of the intestate then living
were the appellants, and they were still his only
brothers and sister; that the intestate complied with
all the duties and obligations resting upon him, ex-
cept those compliance with which was prevented by
"the negligent refusal as above set out of said Thisbe
Lodge" to have in the lodge room at the time the
intestate elected to become a participating member
of the endowment fund said necessary designation
book; that by reason of the premises the appellee be-
came and still was indebted, etc.; wherefore, etc.

It will be observed that it is not shown in the com-
plaint that the intestate had the qualification in re-
spect to age to become a participating member of the
endowment fund. This may have been an inad-
vertent omission of the pleader. Though it is alleged
that the intestate left no wife or children, and made
no valid declaration of beneficiaries, yet the com-
plaint proceeds, not upon a claim that the appellants
are entitled to share in the fund as heirs at law of the
intestate, but upon the theory that he made a suffi-
cient designation of the appellants as beneficiaries.
If it can be said that the oral designation alleged to
have been made by him amounted to such an indica-
tion "to which member or members of his family" the
money should be paid at his demise that it would
have been a valid declaration if made in a mode pre-
scribed by the endowment law of the order,—as to

which there need be no decision,—yet (and this is the vital matter, involving no omission of the pleader, but arising upon the averments of the pleading) there was not a declaration of beneficiaries in any mode authorized by the law of the order. That law provided for the keeping by each lodge of a book for the designation of beneficiaries, but did not require that it should be kept at the lodge room, or at any particular place. There was no refusal, or conduct amounting to a refusal, to permit the intestate to avail himself of his right, if of proper age, to make a declaration of beneficiaries. There does not appear to have been any fraud or mistake. There were only two methods of designating beneficiaries. If not designated in the book, the participating member, absent, or prevented by extraordinary causes from designating in the book, might do so by a declaration in writing, guarded by prescribed formalities. The question involved is not one of forfeiture, as counsel for appellant seems to regard it; it is rather one arising upon an affirmative showing of a failure to comply with a condition precedent. The intestate, if of proper age, had the right to designate beneficiaries. Having neglected to exercise the right, there was no forfeiture of anything, but there was simply a failure to provide at his death for a payment out of a fund as he might have done. The judgment is affirmed.