(120 App. Div. 496)

### WEINSTEIN v. WEINSTEIN et al.

(Supreme Court, Appellate Division, Second Department.   June 7, 1907.)

INSURANCE—FRATERNAL SOCIETIES—BENEFICIARIES.

> The constitution and laws of a fraternal society, in which decedent was insured, provided that the sum of $500 as endowment should be payable to the widow of a deceased member, the member being authorized to make a declaration that $250 of the $500 should be paid to his children in such proportions as he should indicate, and that each subordinate lodge should keep a book to designate therein the beneficiary or beneficiaries of the endowment "as allowed or permitted by the laws of the order," and that no other declaration than one so entered in the book should be considered as sufficient. After the member's second marriage, he executed two declarations, by the first of which he designated his five children as his beneficiaries, and by the second he declared the proportions in which the children should take. He died soon after, leaving a widow and such children. *Held*, that the declarations did not conform to the constitution and laws of the order, in that they attempted to deprive the widow of any right in the insurance, and were therefore void; the widow being entitled to the entire fund.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, §§ 1935, 1944.]

Appeal from Municipal Court of New York.

Action by Celia Weinstein against Yetta Weinstein and others, joined on a bill of interpleader filed by the United States Grand Lodge Order Brith Abraham. From a municipal court judgment awarding to plaintiff and to defendants each a portion of the proceeds of a certificate of insurance on the life of plaintiff's husband and the father of the individual defendants, plaintiff appeals. Reversed.

The action was commenced against the association, which obtained on order of interpleader, bringing in the five individual defendants, who were the children of decedent. The certificate was for $500, out of which $10 was allowed defendant corporation as costs on the motion of interpleader, and of the balance the trial court divided $245 to the widow, $74 each to defendants Jessie and Rose Weinstein, and $32.33 each to defendants Louis, Jacob, and Harry Weinstein.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and GAYNOR, JJ.

M. H. Newman, for appellant.
Louis Sachs, for respondents.

HOOKER, J. The membership of the deceased in the fraternal insurance association antedated the 19th day of November, 1905, on which day he married the plaintiff. On January 10, 1906, the deceased member executed two declarations, the first, by which he designated his five children, the individual defendants herein, as his beneficiaries, and, the second, by which he declared the proportions in which the children should take, namely, $150 each to Jessie and Rose Weinstein and $66.66 each to Louis, Jacob, and Harry Weinstein. He died on the 4th day of March, 1906, leaving, him surviving, the plaintiff, his widow, and five children, the individual defendants.

It is provided by the constitution and laws of the grand lodge of the order that "the sum of $500 as endowment is payable to the widow of a deceased member"; and that "a member may make a declaration to the effect that $250 of the $500 payable by reason of his death shall be paid to his children in such proportion as he should indicate"; that each subordinate lodge should keep a book for the purpose of having designated therein the beneficiary or beneficiaries of the endowment as allowed or permitted by the laws of the order; and that no other declaration than one so entered in such book shall be considered as sufficient.

Because the constitution and by-laws of the order, which with the certificate of insurance, express the contract between the order and its member, declare that the wife shall be entitled to the fund, with the proviso that a member may designate his children to receive half of the beneficial fund in such proportion as he indicates, the plaintiff asserts a claim to the whole fund, maintaining that the children, the individual defendants, are entitled to nothing under the declaration made by the deceased on the 10th of January, 1906. By this declaration he sought to give the entire fund of $500 to his children. This result, as has been seen, he could not accomplish under his contract, so long as a widow survived. The question, then, is whether a declaration, in which the member directed that the whole sum of $500

should go in given proportions to his children, is sufficient as a declaration that half of the endowment fund should be theirs.

The Municipal Court, in the judgment appealed from, has held that a designation of the children as recipients of the whole fund of $500 should be construed as a designation that they should receive $250, and has reduced the amount each one was to have under the designation by one-half. This apportionment is tantamount to the making by the court of a new contract between the member and the order, which may not be done. Then, too, the constitution and by-laws of the order in effect declare that such a designation as made in this case is void, for it provides for the entry in a book kept for that purpose of designations as allowed or permitted by the laws of the order, which means, of course, that the book is not for the entry of any designation not permitted or allowed by its laws, and that no declaration other than one so entered shall be good. The designation leaves nothing to the plaintiff, but gives the whole fund to the children, and "therefore is not in form or substance in conformity with the law." Sanger v. Rothschild, 123 N. Y. 577, 26 N. E. 3. Because the deceased's designation was not such as is permitted under his contract with the order, it was wholly ineffectual, and the widow is entitled to the whole fund; there being no valid designation of any one besides her who should share in the proceeds. Sanger v. Rothschild, supra.

The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.