## ZENGER v. CIGARMAKERS' UNION NO. 224 OF CIGARMAKERS' INTERNATIONAL UNION OF AMERICA
### (Zenger, Intervener)

No. 3067.   Decided September 24, 1917.   (167 Pac. 1174.)

INSURANCE—MUTUAL BENEFIT ASSOCIATION—DESIGNATION OF BENEFICIARY—VALIDITY. Where the laws of a union paying a death benefit required designation of beneficiary to be in writing and witnessed, a designation in writing of the mother of deceased, but unwitnessed when accepted by union, was valid, and the wife of the member whom he subsequently married was not entitled to the fund under a provision that in the absence of designation the wife should be the beneficiary.

Appeal from District Court, Third District; *Hon. F. C. Loofbourow,* Judge.

Action by Mrs. Jennie Zenger against the Cigarmakers' Union of Cigarmakers' International Union of America, wherein Mrs. Hattie Zenger intervened.

Judgment for intervener, and plaintiff appeals.

AFFIRMED.

*Hancock & Barnes* for appellant.

*W. R. Hutchinson* for respondent.

*Weber & Olson* for Cigarmakers' Union.

FRICK, C. J.

The plaintiff, Mrs. Jennie Zenger, as the surviving widow of Eugene J. Zenger, brought this action against the Cigarmakers' Union No. 224, hereinafter called defendant, to recover a certain death benefit to which, by reason of the death of said Eugene J. Zenger while a member of the defendant in good standing, she alleged she was entitled. Mrs. Hattie Zenger, mother of the deceased, intervened in the action and claimed said benefit upon the ground that she was by said deceased, designated his beneficiary. The defendant appeared in the action, admitted that a certain amount was due to the beneficiary of the deceased and paid the amount into court, subject, however, to the order of the court.

The cause was tried and submitted to the district court of Salt Lake County without a jury. At the conclusion of the trial the court, in substance, found that the defendant is a voluntary association which pays a limited amount of benefits to the beneficiaries of its members; that Eugene J. Zenger in his lifetime was a member of the defendant; that at the time he became a member "he made a designation in writing upon one of the blanks of said Union [the defendant] naming his mother, Hattie Zenger, the intervener herein, of Salt Lake City, Utah, his beneficiary"; that said Eugene J. Zenger died February 27, 1915, and at his death was a member of the defendant in good standing, and that there was payable by said defendant, as death benefits, to Hattie Zenger, the sum of $149.25; that the written designation of the beneficiary made by the deceased was in the possession and control of the secretary of the defendant during all of the time from the time it was made until it was delivered by said secretary to said Hattie Zenger after the death of her son, Eugene J. Zenger; that the defendant paid said sum of $149.25 to the clerk of the court subject to the order of the court, and that the same belongs to said Hattie Zenger; that Jennie Zenger, the plaintiff, is not entitled to said money nor to any part thereof.

Conclusions of law and judgment were accordingly made and entered in favor of the intervener, Hattie Zenger. The plaintiff appeals.

It further appeared from the undisputed evidence that at the time deceased became a member of the defendant he was unmarried and that while single he designated his mother, Hattie Zenger, as his beneficiary; that thereafter he married Jennie Zenger, the plaintiff, and that she, with an infant son about eight years of age, survived him; that the constitution of the defendant, upon the subject of beneficiaries and their designation, provides as follows:

"A member may at any time designate the person or persons to whom his death benefit shall be paid. Such designation shall be in writing, signed by such member and witnessed by the secretary of the local union to which such member then belongs, or by two other credible persons, and such member may, at any time thereafter, in like manner change such designation. If there be no such designation or if the paper making such designation be not deposited with the president of the International Union within 30 days after the death of such member, such benefits shall be paid to the widow of such deceased member; if there be no widow, then the minor children of such deceased member, and if there be no widow and no minor children of such deceased member, then to any relatives of the deceased member who at the time of his death were dependent for support in whole or in part upon such deceased member."

It further appeared that the deceased, in designating his mother as his beneficiary, made the same in writing on one of the blanks provided by the defendant for that purpose and signed his name thereto, but the designation was not witnessed by the secretary of the defendant nor by "two other credible persons" as provided in the constitutional provision we have quoted. No other designation was ever made or attempted by the deceased.

Upon the foregoing facts, counsel for plaintiff insist that the benefit was payable to her as the widow of the deceased, and that the court erred in awarding it to the mother. We give counsel's statement of the question presented for decision in their own language, which is as follows:

"The sole question to be decided herein is as follows: Does the death benefit from the union to which deceased belonged go to his mother or to his widow, when the designation of his mother as beneficiary, made before his marriage, did not comply with the constitution of the union requiring witnesses, and when the constitution and by-laws of the union provide that in case no beneficiary is designated the benefit goes to his widow?"

It is quite clear that in making his designation of a beneficiary the deceased did not fully comply with the provisions of the constitution of the defendant covering that subject. The question, therefore, is, does the fact. that neither the secretary nor "two other credible persons" witnessed the designation made by the deceased amount to a failure to designate any beneficiary under the constitutional provision we have quoted? The designation in this case was in writing, was in due form, and was duly signed by the deceased. All of the essentials required by the constitution were therefore complied with, except that the designation was not executed in due form by reason of not being witnessed. There was no doubt respecting whom the deceased chose as a beneficiary in case of his death. The designation was in writing duly signed, but not witnessed. The designation, therefore, was lacking in a mere formality. Does that, standing alone, make it invalid? What the effect would be if the defendant were here assailing the validity of the designation it is not necessary to determine, since the defendant makes no objection to the designation. Indeed, it has waived all objections by paying the money into court. The question, therefore, is, can the plaintiff avail herself of a formal defect in the written designation of the deceased? The author of Bacon, Ben. Soc., etc., after discussing the proposition now under consideration at some length, in volume 1, section 239, states the law as follows:

"It is now settled that defects or irregularities in the designation or change of beneficiary may be waived by the lodge, although it has been held that the. required formalities in the laws of the society relative to. designation of beneficiary are part of the contract and must be strictly complied with."

In the same volume, at section 308, the author again refers to the subject, and he there says that it is "well settled that the society may waive compliance with the required formalities" of designating or changing beneficiaries by the members.

In 29 Cyc. 118, the law is very clearly stated in a few words. It is there said:

"As a rule, no one but the society may question the validity of the designation of a beneficiary because of the member's failure to comply with the society's rules in regard to the mode of designation."

The foregoing text is fully supported by the decisions of the courts. Among others the following will be found to be directly in point: *Hanson* v. *Minnesota Scandinavian Ass'n*, 59 Minn. 123, 60 N. W. 1091; *Tepper* v. *Royal Arcanum*, 61 N. J. Eq. 638, 47 Atl. 460, 88 Am. St. Rep. 449; *St. Louis Police Relief Ass'n* v. *Tierney*, 116 Mo. App. 447, 91 S. W. 968; *Manning* v. *Ancient Order of U. W.*, 86 Ky. 136, 5 S. W. 385, 9 Am. St. Rep. 270; *Marsh* v. *Supreme Council, etc.*, 149 Mass. 512, 21 N. E. 1070, 4 L. R. A. 382; *Southern, etc., Ass'n* v. *Laudenbach* (Sup.) 5 N. Y. Supp. 901. In *Sheehan* v. *Butchers', etc., Ass'n*, 142 Cal. 489, 76 Pac. 238, it was held that where a member designated his mother, and thereafter married, the designation of the mother continued in full force and effect, notwithstanding the subsequent marriage; and in *Maneely* v. *Knights, etc.*, 115 Pa. 305, the same result was reached in a case where the member's sister had been designated and the wife claimed the benefit at the death of the member.

The foregoing cases are all well considered, and the question is viewed from every angle, and in all, except the last two, it is squarely held that where, as here, the laws of the order did not control the member in chosing his beneficiary, no one but the society can take advantage of informalities in designating or in changing the beneficiary.

With regard to whether the subsequent marriage of the members revokes a former designation of a beneficiary, in 29 Cyc. 124 it is said: "The fact that a member, after having designated a beneficiary, marries a third person does not operate to revoke the designation."

It is not necessary to pursue the subject farther. We desire to add, however, that we have carefully read all the cases cited by counsel for appellant. The principal ones are the following: *Sanger* v. *Rothschild,* 50 Hun, 157, 2 N. Y. Supp. 794, which case was affirmed in 123 N. Y. 577, 26 N. E. 3, *Loewenthal* v. *District Grand Lodge, etc.,* 19 Ind. App. 377, 49 N. E. 610, and *Weinestein* v. *Weinestein,* 120 App. Div. 496, 104 N. Y. Supp. 1113. All of those cases are, however, clearly distinguishable from the case at bar and from the ones we have cited as supporting the texts quoted from Bacon and Cyc. It is not necessary to cite or refer to the other cases cited by counsel, since none of them have any application to facts like those in this case.

From what has been said it follows that the judgment should be, and it accordingly is, affirmed, with costs to respondent.

McCARTY, CORFMAN, THURMAN, and GIDEON, JJ., concur.